Joann Brewer WILEY, Plaintiff—
Appellant,

v.

Kurt KNICKREHM, individually and in his official capacity as Director of the Department of Human Services, Defendants—Appellees,

David Fray, in his individual capacity, Defendant,

Bob Clark, individually and in his official capacity as Conway Human Development Center Superintendent; Calvin Price, individually and in his official capacity as Conway Human Development Center Assistant; Beverly Peterson, individually and in her official capacity as Conway Human Development Center Total Care Team Leader; Marilyn Junyor, individually and in her official capacity as Nurse Service Administrator at Conway Human Development Center; Charles Green, in his official capacity as Director of Arkansas Department of Human Services, Division of Human Developmental Disabilities Services, Defendants—Appellees.

1. The Honorable G. Thomas Eisele, United States District Judge for the Eastern District

No. 03–2236.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 18, 2003.
Decided May 13, 2004.

Luther Oneal Sutter, Harrill & Sutter, Little Rock, AR, for Plaintiff–Appellant.

Lori L. Freno, Attorney General's Office, Little Rock, AR, for Defendants–Appellees.

Before MELLOY, MCMILLIAN, and BOWMAN, Circuit Judges.

PER CURIAM.

The District Court[1] granted summary judgment in favor of all defendants on Joann Brewer Wiley's claims under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act for speech retaliation, as well as on her claim under the Family and Medical Leave Act. Wiley appeals only the speech-retaliation portion of the District Court's decision.

Having carefully reviewed de novo the issues raised in this appeal, we hold that the District Court correctly held that no reasonable juror could conclude that Wiley's speech played a substantial role in any adverse employment action taken against her. We also hold that the District Court properly analyzed Wiley's speech-retaliation claim under the test set forth in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Inas-

of Arkansas.

much as we agree entirely with the District Court's resolution of the case, we need not, and do not, reach the argument of defendants that they were entitled to qualified immunity from suit in this case.

Finding no error of law, we affirm on the basis of the District Court's thorough and well-reasoned order. *See* 8th Cir. R. 47B.

Eastern District of Arkansas.